UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PAMELA DRAWSAND, | Case No:  C 10-3937 SBA |
| Plaintiff, | **ORDER DISMISSING ACTION** |
| vs. | Docket 12, 13, 17, 47 |
| F.F. PROPERTIES,  L.L.P., FAIFIELD BARRINGTON PROPERTIES, MONTELENA APARTMENT HOMES, DEBRA LNU, CHRISTINA GIBBENS, MICHAL NAULT, DIANE DWYER, BRIAN FITZGERALD, DAVID CABERA, IAN BALDIBAD,  ORASE LNU, ERICKSEN,  ARBUTHNOT, KILDUFF, DAY & LINDSTROM,  JOSEPH J. MINIOZA, JODIE G. STEINBERG, KIMBALL, TIREY, & ST. JOHN,  SHAWN BANKSON,  JANE CREASON,  STEPHEN MODEFFERI,  STACEY RUBIN,  ERICA GARCIA,  JON ROLEFSON,  LISA IMUS, ALAMEDA COUNTY HOUSING AUTHORITY,  CHRISTINA GOUIB,  RON DION,  SHARON DECRAY,  NAVDEEP BARN,  IVEN MICHAEL GARCIA, ROWENA ANN REYES RIVERA, JEFFERY LOUGIN, KENISHA PATRICE STEPHENSON-LOUGIN,  ALEXANDER CONCEPCION,  KATHY LYNN CONCEPCION,  AND DOES 1-5, | |
| Defendants. | |

Pro se Plaintiff Pamela Drawsand ("Drawsand") brings the instant action under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, among other claims, against thirty-three defendants.  The parties are presently before the Court on four sets of Defendants' respective motions to dismiss.  Dkt. 12, 13, 17, 47.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS

Defendants' motions and dismisses the action without leave to amend.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.  BACKGROUND

### A.  FACTUAL BACKGROUND

Drawsand alleges that she is a disabled individual who receives federally-funded low-income housing assistance under the United States Department of Housing and Urban Development ("HUD") program known as "Section 8."  Compl. ¶ 41, Dkt. 1.  Drawsand's claims arise from her tenancy at Montelena Apartment Homes ("MAH"), located at 28650 Cork Oak Lane #3208, Hayward, California, from 2006 through 2009.  During that time, Drawsand alleges, inter alia, that she was harassed and assaulted by her neighbors, that MAH and its employees and related entities failed to take corrective action, and that her Section 8 specialist at the Housing Authority of Alameda ("HACA") conspired with MAH to terminate her Section 8 benefits and to evict her.

The instant Complaint names thirty defendants, comprised of MAH and related entities and employees, the law firms and attorneys involved in state court lawsuits filed by Drawsand against her neighbors and MAH, the neighbors who allegedly harassed her, the law firm and its attorneys and state court judge involved in the unlawful detainer ("UD") action brought against Drawsand, and HACA and various of its employees.  The rambling and prolix Complaint spans 123 paragraphs and is difficult to decipher.  These allegations are summarized below.

#### 1.    Lawsuit Against the Lougins and MAH

On May 12, 2006, Plaintiff signed a twelve-month lease with MAH to occupy Unit 3208.  Id.  A month after leasing her apartment, Plaintiff complained to MAH about "unusual noises" coming from her neighbors upstairs, Jeffery Lougin and Kenisha Patrice Stephenson-Lougin (collectively "the Lougins"), who lived in Unit 3308.  Id. ¶ 44.  Michael Nault of MAH suggested to Drawsand that she contact the Hayward Police Department because "there was nothing MAH could do."  Id. ¶ 45.  The Lougins continued

their harassment, and on October 14, 2006, both Nault and the Lougins "assaulted and battered plaintiff in MAH's leasing office."  Id. ¶ 50.

On November 7, 2006, MAH and Mr. Nault hired the law firm of Kimball, Tirey & St. John LLP ("the Kimball firm") to serve Drawsand with a three-day notice to quit, allegedly for the purpose of harassing her.  Id. ¶ 51.  In turn, on November 26, 2006, Drawsand filed a lawsuit against Nault, the Lougins, MAH and Fairfield Barrington Properties LLC (erroneously sued as "Fairfield/Belmont Properties") which she served on January 29, 2007.  See Drawsand v. Montelena Apartment Homes, Alameda County Super. Ct., Case No. HG06300113 ("Drawsand I"); Defs.' Request for Judicial Notice ("RJN") Ex. A, Dkt. 12-5; Compl. ¶ 57.  MAH and Fairfield Barrington Properties LLC retained the law firm of Ericksen, Arbuthnot, Kilduff, Day & Lindstrom ("the Ericksen firm") and its attorneys Joseph J. Minioza ("Minioza") and Jodie G. Steinberg ("Steinberg") as their counsel of record.  RJN Ex. B.

After Drawsand served her complaint, MAH and Nault allegedly continued to harass her by, inter alia, demanding entry to her apartment under the guise of effecting necessary repairs.  Id.  Drawsand complained to her Section 8 Specialist, Sharon DeCray ("DeCray"), and later to Navdeep Barn ("Barn"), who replaced DeCray.  Id. ¶ 58.  Barn informed Drawsand that if she were evicted, she would no longer be eligible for Section 8.  Id.

From February 2007 to November 2007, Drawsand was allegedly subjected to further harassment and assaults by the Lougins and MAH staff.  Id. ¶¶ 58-73.  In addition, Drawsand alleges that Barn was conspiring with MAH, and to that end, failed to recertify her for Section 8 benefits for a period of four months.  Id. ¶ 73.  However, Drawsand acknowledges that in December 2007, Barn changed Plaintiff's Section 8 status, which lowered her rental payment.  Id. ¶ 73.  Notwithstanding the allegedly continuing harassment, Drawsand voluntarily dismissed Drawsand I on February 8, 2008, one month prior to the hearing date on the defendants' motion for terminating sanctions.  Id. Ex. C.

## 2.      Lawsuit Against Other Neighbors and MAH

In the meantime, on January 5, 2008, Rven Michael Garcia and Rowena Ann Reyes Rivera ("Rivera") became the new tenants in Unit 3308, which was formerly occupied by the Lougins.  Id. ¶ 74.  On February 16, 2008, Drawsand contacted Diane Dwyer ("Dwyer") of MAH to complain about her new neighbors.  Id. ¶ 77.[1]  On May 2, 2008, Drawsand met with Brian Fitzgerald ("Fitzgerald"), who replaced Dwyer, to discuss the "nuisances by #3308 tenants and vandalism to her personal property."  Id. ¶ 81.

On July 9, 2008, Drawsand filed a lawsuit against MAH and Rivera, one of the tenants from Unit 3308.  See Drawsand v. Montelena Apartment Homes, Alameda County Super. Ct., Case No. RG08397368; RJN, Ex. F.  On the same date, Drawsand separately sued MAH and Lynn and Alex Concepcion, her neighbors in Unit 3108.  See Drawsand v. Montelena Apartment Homes, Alameda County Super. Ct., Case No. RG08397361; RJN, Ex. D.  The complaints in both actions are virtually identical, and alleged that her neighbors were noisy and had harassed her, and that MAH had failed to abate the "nuisance."  Id., Exs., D, F.  MAH was again represented by the Ericksen firm and attorneys Minioza and Steinberg.  RJN Exs. E, G; Compl. ¶ 86.

On December 23, 2008, the trial court consolidated the actions ("Drawsand II").  Id., Ex. H.  The Ericksen firm filed a motion for terminating sanctions based on Drawsand's failure to comply with her discovery obligations.  Id., Ex. I.  The court granted the motion and dismissed the action with prejudice on March 24, 2010.  Id. Ex. J.  Plaintiff filed a Notice of Appeal from the dismissal order.  Id. Ex. K.  The California Court of Appeal's website indicates that Drawand's appeal was dismissed on February 2, 2011 for failure to designate the record on appeal.  See Cal. Ct. of Appeal, First Dist., Dkt. No. A130873.[2]

---

[1] Separately, Drawsand filed a disability discrimination complaint with HUD based on MAH's alleged failure to repair her ceiling.  Id. ¶ 76.  HUD forwarded the complaint to the California Department of Fair Employment and Housing ("DFEH").  Id. ¶ 78.  The following month, Drawsand and MAH reached a "settlement" following a mediation conducted by the DFEH concerning the repairs to her apartment.  Id. ¶ 84.

[2] A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

### 3.     Unlawful Detainer Action

On August 31, 2008, Drawsand attempted to pay her September 2008 rent by presenting a check to a person named "Orase" (last name unknown) at the MAH office. Compl. ¶ 38.  On September 7, 2008, MAH returned the check to Drawsand.  Id. ¶¶ 89-90. Drawsand attempted to tender payment two more times, but her rent was returned in each instance.  Id. ¶¶ 91-92.

On October 5, 2008, MAH served Plaintiff with a three-day notice to quit for failure to pay rent.  Id. ¶ 99.  On October 9, 2008, F.F. Properties filed a UD action against Drawsand.  Id. ¶ 101.  F.F. Properties was represented by Jane Creason ("Creason") of the Kimball firm, while James Margolis represented Drawsand.

Trial in the UD action commenced on November 14, 2008, and concluded on November 17, 2008.  On November 20, 2008, Alameda County Superior Court Judge Jon Rolefson issued a Statement of Decision in favor of F.F. Properties.  In his ruling, the court rejected Drawsand's claim that her eviction was in retaliation for her prior complaints regarding the habitability of the premises.  Id. at 3.   Drawsand now claims that Judge Rolefson's rulings were erroneous and denied her a fair trial.  Compl. ¶ 107.

On December 4, 2008, the trial court stayed Drawsand's eviction until January 13, 2009.  Id. ¶ 109.  In February 2009, Drawsand contacted Barn, her Section 8 specialist, "about moving and the process."  Id. ¶ 112.  Barn contacted Drawsand in March 2009 and notified her that she was going to be terminated from the Section 8 program based on having provided "false information."  Id. ¶¶ 113, 114.  Drawsand requested an "informal hearing" at which the hearing officer concluded that she had not provided false information as alleged, and that she "should been [sic] granted a request to move."  Id. ¶ 115.

### B.     PROCEDURAL HISTORY

On September 1, 2010, Plaintiff filed the instant action against:   F.F. Properties, L.L.P.; Fairfield Barrington LLC dba Montelena Apartment Homes (erroneously sued as Faifield Barrington Properties); MAH; Debra (last name unknown); Christina Gibbens; Michael Nault; Diane Dwyer; Brian Fitzgerald; David Cabera; Ian Baldibad; Orase (last

name unknown); the Ericksen firm; Joseph Minioza; Jodie Steinberg; the Kimball firm; Shawn Bankson; Jane Creason; Stephen Modafferi (erroneously sued as Stephen Modefferi); Stacey Rubin; Rebecca Garcia (erroneously sued as Erica Garcia); Judge Jon Rolefson; Lisa Imus; HACA; Christina Gouib; Ron Dion; Sharon Decray; Navdeep Barn; Michael Garcia; Rowena Ann Reyes Rivera; Jeffery Lougin; Kenisha Patrice Stephenson-Lougin; Alexander Concepcion; and Kathy Lynn Concepcion.  On October 26, 2011, the Court granted Drawsand's request to proceed in forma pauperis ("IFP").  Dkt. 10.[3]

The Complaint purports to allege eight claims for relief.  Due to the discursive and conclusory nature of Drawsand's allegations, the substance of each claim is not entirely clear.  However, the Court liberally construes the pleadings as attempting to state the following claims:  (1) housing discrimination under the FHA, 42 U.S.C. §3601; (2) race and disability discrimination under the Civil Rights Acts of 1866, 42 U.S.C. §§ 1981, 1982, the Civil Rights Act of 1871, 42 U.S.C. § 1983, § 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12132, 12182, 12203; (3) violation of Title VI of the Civil Rights Act of 1964 ("Title VI"); (4) denial of due process and equal protection under 42 U.S.C. § 1983; (5) breach of contract, denial of due process and equal protection; (6) violation of the FHA; (7) fraud on the court; and (8) violation of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 et seq., and the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e.

The following sets of Defendants have appeared and filed motions to dismiss:

1.      The "County Defendants," consisting of HACA, DeCray, Dion, Gouib and Barn;[4]

---

[3] The Court did not conduct a pre-service review of the pleadings.

[4] Although Drawsand has named several HACA employees as Defendants, the conduct alleged in the Complaint pertains only to Defendant Navdeep Barn, who is now deceased.  County Defs.' Mot. at 2, Dkt. 13.

2.    The "Eriksen Defendants," consisting of the Ericksen firm and attorneys Minioza and Steinberg;

3.    The "Kimball Defendants," consisting of the Kimball firm and attorneys Bankson, Modafferi, Rubin and Creason and paralegal Garcia; and

4.    The "Property Defendants," consisting of Fairfield Barrington LLC dba Montelena Apartment Homes and its employees Baldibald and Gibbens.  The Court discusses these motions seriatim.

## II.    **LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss for failure to state a claim based on deficient pleading, a complaint must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002).

The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party."  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 1951 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).  Ultimately, the allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555 (internal quotations and citation omitted).  A pro se litigant

generally should be given leave to amend, unless it is clear that the complaint's deficiencies cannot be cured by amendment.  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III.   DISCUSSION

### A.   COUNTY DEFENDANTS' MOTION TO DISMISS

Drawsand's claims against the County Defendants appear to arise from her interactions with Barn, her Section 8 specialist, and his alleged attempts to have her terminated from the Section 8 program.  The County Defendants move to dismiss all claims alleged in the Complaint.  As will be set forth below, the Court finds that Drawsand has failed to allege any viable claims against the County Defendants.

#### 1.   Housing Discrimination Under the FHA

The FHA makes it illegal "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, *because of a handicap* of [¶] . . . that person[.]" 42 U.S.C. § 3604(f)(2) (emphasis added).  To state a discrimination claim under the FHA, the plaintiff must establish a prima facie case by alleging facts that:  (1) plaintiff's rights are protected under the FHA; and (2) as a result of defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury.  See Harris v. Itzhaki, 183 F.3d 1043, 1051 (9th Cir. 1999).  Where, as here, plaintiff is alleging discrimination on the basis of disability, he or she must suffer from a handicap as defined in 42 U.S.C. § 3602(h).  See United States v. Cal. Mobile Home Park Mgmt., 107 F.3d 1374, 1380 (9th Cir. 1997).  The FHA defines a handicap as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h).

Drawsand's FHA claim is deficiently pled.  As an initial matter, the Court cannot assess whether Drawsand has a handicap within the meaning of § 3602(h) because she does not provide any details regarding her alleged disability.  Instead, she makes the conclusory assertion that she "is a disabled veteran receiving a disability, which qualified her for her federally subsidized assistance program Section 8."  Compl. ¶ 116a.  But even if Drawsand

could make a sufficient showing that she is, in fact, disabled within the meaning of § 3602(h), she has failed to allege any facts from which the inference can be drawn that the County Defendants sought to terminate her Section 8 benefits "because of" her handicap. See 42 U.S.C. § 3604(f)(2).  Drawsand's conclusory allegations are precisely the type of pleading verboten by Twombly and Iqbal.

Moreover, Drawsand cannot establish that she suffered any distinct and palpable injury as a result of any of the County Defendants' actions.  Drawsand avers that in August 2007, Barn failed to recertify Drawsand after she notified him that her employment had been terminated, and that as a result, she received three eviction notices.  Compl. ¶ 116c. Yet, Drawsand admits that Barn adjusted her status four months later on December 4, 2007 and that she was *not* evicted.  Id. ¶ 73.  As such, Drawsand suffered no injury as a result of Barn's alleged actions.  But even if she had, any such claim under the FHA is time-barred by the FHA's two-year statute of limitations.  See 42 U.S.C. § 3613(a)(1)(A).  Though Drawsand vaguely asserts that the statute should be tolled due to unspecified "fraud on the court" by unidentified Defendants, she never articulates the nature of such fraud or how such "fraud" prevented her from filing suit in a timely manner.  See Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006).  In the absence of such facts, leave to amend need not be granted.  See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice."); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)) (holding that a court may properly deny a motion to amend "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally.") (citing Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990)).  In sum, the Court finds that Drawsand's claim under the FHA is insufficiently pled and is subject to dismissal.  Because amendment to the pleadings would be futile, said claim is dismissed without leave to amend.

### 2.    Race and Disability Discrimination

Plaintiff's second claim for relief, in its entirety, states as follows:

> As a proximate result of the actions of defendants, plaintiff has
> been denied the same rights to contract as are enjoyed by white
> persons and her rights to equal housing in violation of 29
> U.S.C. § 794 (Rehabilitation Act of 1973, Section 504), 42
> U.S.C. § 1981, 1982, 1983, 3602 et seq. (Fair Housing Act),
> 12101 (Title II of the Americans with Disabilities Act).

Compl. ¶ 117.

The import of Drawsand's seemingly random statutory citations is unclear. Sections 1981, 1982 and 1983 of Title 42 are civil rights statutes. Section 1981 prohibits racial discrimination in the making and enforcement of contracts. 42 U.S.C. § 1981. Section 1982 provide that, "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Although similar to a § 1981 claim, "racial motivation is not an element of [a §] 1982 prima facie case; only a racial impact need be shown." Phiffer v. Proud Parrot Motor Hotel, Inc., 648 F.2d 548, 551 (9th Cir. 1980). Regardless of whether Drawsand's claims are construed under §§ 1981 or 1982, there are no factual allegations to support any claim by Drawsand that she was discriminated against on account of her race (which is not specified in the pleadings) or that the County Defendants' actions had a racial impact which negatively affected her.

Nor has Drawsand stated a claim under 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. See Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S.

42, 48 (1988). Where multiple defendants are involved, the pleadings must establish a nexus between each defendant's actions and the alleged deprivation of plaintiff's constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendants under § 1983 only if plaintiff can show that defendant proximately caused deprivation of a federally protected right). Aside from passing references to due process and equal protection, the Complaint fails to allege how Drawsand's constitutional rights were violated and fails to identify each Defendant's role therein. Indeed, the only County Defendant specifically discussed in the Complaint is Barn, and none of the allegations directed at his conduct give rise to a plausible constitutional claim.[5]

Finally, Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act ("RA") derive from a completely separate statutory scheme and "prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). To state a claim under Title II of the ADA, the plaintiff must allege that he or she: (1) is an individual with a disability; (2) is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) was either excluded from participation in, or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). Under the RA, the plaintiff must show that he or she: (1) is a handicapped person under the Act; (2) is otherwise qualified; (3) the relevant program receives federal financial assistance; and (4) the defendants impermissibly discriminated against him or her on the basis of the

---

[5] The Court also notes that Drawsand cannot pursue a § 1983 individual capacity claim while simultaneously advancing disability discrimination claims based on the ADA or RA. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act.").

handicap <u>See</u> <u>Bonner v. Lewis</u>, 857 F.2d 559, 562-63 (9th Cir. 1988). Here, Drawsand fails to allege any facts to establish any of the requisite elements of an ADA or RA claim.

Regardless of whether Drawsand's claims are construed under §§ 1981, 1982, 1983, the ADA or the RA, the Complaint fails to state a claim against any of the County Defendants for the same reasons set forth in the Court's discussion of her FHA claim. Plaintiff's conclusory, fact-barren allegations are insufficient to state a claim under any of the aforementioned statutes. <u>Iqbal</u>, 129 S.Ct. at 1949; <u>Twombly</u>, 550 U.S. at 555. Nonetheless, even if Drawsand had alleged facts, as opposed to conclusions, her claims against the County Defendants are time-barred. The statute of limitations applicable to claims under 42 U.S.C. §§ 1981, 1982, 1983, as well as the ADA and RA are determined by forum state's limitation period applicable to personal injury actions. <u>See</u> <u>Goodman & Luken Steel Co.</u>, 482 U.S. 656, 661-62 (1987); <u>Wilson v. Garcia</u>, 471 U.S. 261, 275-76 (1985); <u>Pickern v. Holiday Quality Foods</u>, Inc., 293 F.3d 1133, 1137 n. 2 (9th Cir. 2002). The general residual statute of limitations for personal injury actions is the two-year period set forth in California Code of Civil Procedure § 335.1. Since Drawsand filed suit more than two years after Barn allegedly failed to recertify her for Section 8 benefits in 2007, her claims for race and/or disability discrimination are time-barred.[6] The Court, therefore, dismisses Drawsand's second claim for relief without leave to amend.

### 3.   Violation of Title VI of the Civil Rights Act of 1964

Drawsand's third claim for relief alleges a violation of Title VI, which provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

---

[6] Drawsand's assertion that Barn also attempted to terminate her from the Section 8 program in March 2009 is not untimely, but it is not actionable. Drawsand does not allege that Barn was motivated by discriminatory animus nor does she allege any injury resulting from his actions. According to Drawsand, the hearing officer decided against terminating her benefits. Compl. ¶ 115. Thus, even if Drawsand had alleged facts demonstrating that Barn acted improperly by seeking to terminate her from the Section 8 program, such claim would fail given that she was not terminated from the program.

To state a claim for damages under Title VI, plaintiff must allege that (1) the defendant entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance.  See <u>Fobbs v. Holy Cross Health Sys., Corp.</u>, 29 F.3d 1439, 1447 (9th Cir. 1994).

In a Title VI claim, the proper defendant is the entity receiving federal funds, not the employees who are employed by the entity.  See <u>Shotz v. City of Plantation</u>, 344 F.3d 1161, 1169-70 (11th Cir. 2003) ("the text of Title VI also precludes liability against those who do not receive federal funding, including individuals.").  Of the named County Defendants, the only proper defendant in Drawsand's Title VI claim is HACA.  However, Drawsand has failed to allege any facts to establish that HACA receives federal assistance.  To the contrary, the pleadings allege that HACA administers the Section 8 program on behalf of the HUD.  Compl. ¶ 25.  In any event, Drawsand fails to allege any facts demonstrating that HACA discriminated against Drawsand on the basis of her race.  Drawsand cannot cure these deficiencies because the statute of limitations has run on her Title VI claim and, as discussed, she has shown no basis for tolling the statute.  See <u>Taylor v. Regents of the Univ. of Calif.</u>, 993 F.2d 710, 712 (9th Cir. 1993) (Title VI claims are governed by the same statute of limitations applicable to § 1983 claims, i.e., the forum state's personal injury statute).  For these reasons, the Court dismisses Drawsand's third claim for relief without leave to amend.

### 4. Denial of Due Process and Equal Protection

Drawsand's fourth claim for relief alleges that Defendants violated her right to due process and equal protection.  Compl. ¶ 119.  The Court liberally construes Drawsand's claim under 42 U.S.C. § 1983, and finds that her conclusory allegations fail to pass muster under <u>Twombly</u> and <u>Iqbal</u>.  In addition, Drawsand's claim is time-barred for the same

reasons set forth above.  Accordingly, the Court dismisses Drawsand's due process and equal protection claims, without leave to amend.[7]

### 5.   Breach of Contract, Denial of Due Process and Equal Protection

Drawsand alleges in her fifth claim for relief that:  "As a proximate result of the actions of defendants, defendants breached the contract made with plaintiff and denied her due process and equal protection of the law under the Fourteenth Amendment of the United States Constitution among other federal laws."  Compl. ¶ 120.  This claim is duplicative of Drawsand's third and fourth claim, and therefore, is dismissed without leave to amend for the same reasons articulated above.

### 6.   Violation of the FHA

Drawsand's sixth claim for relief under the FHA is duplicative of her first, second and third claims and is therefore dismissed without leave to amend for the same reasons articulated above.

### 7.   Fraud on the Court

In her seventh claim for relief, Drawsand alleges that "[a]s a proximate result of the actions of defendants, and without any contributing actions of plaintiff, plaintiff has suffered the loss of housing assistance through the federally-subsidizing program Section 8, because of defendants [sic] fraud on the court."  Compl. ¶ 122.  However, in contravention to Rule 9(b), Drawsand fails to identify the "the who, what, when, where, and how" of the alleged fraudulent conduct, Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997), and fails to "set forth an explanation as to why [a] statement or omission complained of was false and misleading," In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).  To the extent that Drawsand is attempting to challenge the adverse ruling in the UD action, such claim is barred under the Rooker-Feldman doctrine.  See Exxon Mobil Corp. v.

---

[7] Drawsand also cites California Penal Code § 647(k), Compl. ¶ 119, which is part of California's statute governing disorderly conduct.  To the extent that Drawsand is purporting to state a claim under this provision, she lacks standing to do so.  See Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming dismissal of sixteen claims based on California Penal Code sections because "these code sections do not create enforceable individual rights").

1  Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (recognizing that the Rooker-Feldman

2  doctrine bars "cases brought by state-court losers complaining of injuries caused by state-

3  court judgments rendered before the district court proceedings commenced and inviting

4  district court review and rejection of those judgments").  In addition, Drawsand

5  acknowledges in her Complaint that she did *not* lose her Section 8 benefits.  Compl. ¶ 115.

6  Thus, the Court dismisses Drawsand's seventh claim for relief without leave to amend.

7  ### 8.    Violation of the Federal and State FDCPA

8      Drawsand's final claim cites the Rosenthal Act, which is a California statute, but

9  refers to code sections that correlate to the federal FDCPA. Compl. ¶ 123.  That

10  discrepancy aside, the Court notes that both statutes impose a one-year limitations period.

11  15 U.S.C. § 1692k(d) (federal FDCPA); Cal. Civ. Code § 1788.30(f) (Rosenthal Act).  The

12  last alleged act of any County Defendant is Barn's participation in a hearing in June 2009

13  regarding the termination of Drawsand's Section 8 benefits.  Compl. ¶ 114.  Since

14  Drawsand did not commence this action until more than a year later, and lacks a basis for

15  tolling, the Court dismisses Drawsand's eighth claim for relief without leave to amend.

16  ## B.    ERICKSEN DEFENDANTS' MOTION TO DISMISS

17      The Ericksen Defendants represented MAH in Drawsand's two prior state court

18  actions.  The only references to these Defendants in the pleadings are as follows:

19      15.  Defendant, ERICKSEN ARBUTHNOT (hereafter
          "Ericksen"), doing business as ERICKSEN, KILDOFF, DAY
20          & LINDSTROM, INC., is an agent, employee, and/or
          representative of F.F. Properties, L.P., and/or corporation
21          organized under the laws of the State of California, and at all
          times relevant to this complaint.

22      16.  Defendant, JOSEPH H. MINOZA (hereafter "Minoza"), is
          an agent, employee, and/or representative of ERICKSEN
23          ARBUTHNOT at all times relevant to this complaint.

24      17.  Defendant, JODIE G. STEINBERG (hereafter
          "Steinberg"), is an agent, employee, and/or representative of
25          ERICKSEN ARBUTHNOT at all times relevant to this
          complaint.

26

27  Compl. ¶¶ 15-17.  Beyond these conclusory allegations, the Complaint is devoid of any

28  factual averments demonstrating, or from which any reasonable inferences can be drawn,

that the Ericksen Defendants engaged in any actionable conduct.  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly, 550 U.S. at 557).  In any event, to the extent that any viable claims can be gleaned from the facts alleged, such claims are time-barred for the reasons discussed above in connection with the County Defendants' motion to dismiss.

Notwithstanding the above, Drawsand has no legal grounds upon which to pursue any claims against the Eriksen Defendants, whose only role was their representation of MAH in the underlying state court litigation.  As MAH's counsel, the Ericksen Defendants owed no duty to Drawsand.  Moore v. Anderson Zeigler Disharoon Gallagher & Gray, 109 Cal.App.4th 1287, 1294 (2003).  In addition, the Ericksen Defendants' conduct in the course of representing MAH in the underlying state court litigation is not actionable under the Noerr-Pennington doctrine.  "The Noerr-Pennington doctrine derives from the Petition Clause of the First Amendment and provides that "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct."  Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 643-644 (9th Cir. 2009) (quoting in part Sosa v. DIRECTV, Inc., 437 F.3d 923, 929 (9th Cir. 2006)).  The doctrine has been extended to protect parties from liability based on conduct undertaken during the course of litigation.  See Freeman v. Lasky, Haas & Cohler, 410 F.3d 1180, 1186 (9th Cir. 2005) (affirming dismissal of attorney defendants accused of discovery misconduct involving subornation of perjury and intimidation of witnesses).  The Court therefore dismisses Drawsand's claims against the Ericksen Defendants' without leave to amend.

### C.   KIMBALL DEFENDANTS' MOTION TO DISMISS

The Kimball Defendants represented FF Properties in the prior state court UD action filed against Drawsand.  The allegations in the Complaint against the Kimball Defendants are as follows:

> 51.  On November 7, 2006, defendants MAH and Nault continued that harassment by hiring defendant Kimball to serve

plaintiff with a Three Day (3-day) Notice to Comply with Covenant or Quit (hereafter "Comply Notice") on behalf of FF Properties stating plaintiff breached her lease agreement.

. . . .

101.  On October 9, 2008, Defendant F.F Properties filed an unlawful detainer action against plaintiff in the Superior Court of Alameda County for nonpayment of rent represented by Kimball, Tirey, and St. John (hereafter "Kimbal"), and assigned to Attorney Jane Creason (hereafter "Creason").

. . . .

105.  On November 5, 2008, defendants Kimbal, Creason, Garcia, and Fitzgerald showed up to plaintiff's apartment to inspect her unit.  Defendants Kimbal, Creason, Garcia, and Fitzgerald and Garcia used [Hayward Police Department] in doing so.

. . . .

107.  On November 17, 2008, defendant [Judge] Rolefson deprived plaintiff of a fair trial by refusing her to use the defense of retaliatory eviction, submission of evidence, to wit, testimony, bank receipts, certified letters sent to defendant MAH, and checks showing proof she paid rent among other things, and accepting contradictory evidence submitted by defendants Kimball, Creason, and Fitzgerald.

Compl. ¶¶ 51, 101, 105, 107.[8]

From the foregoing allegations, it is readily apparent that Plaintiff is attempting to predicate the Kimball Defendants' liability based on the Kimball firm's representation of F.F. Properties in connection with the unlawful detainer proceeding.  As such, Drawsand's claims fail to state a claim for the same reasons discussed with respect to the Ericksen Defendants.  The Court therefore GRANTS the Kimball Defendants' motion to dismiss. Because amendment to the pleadings would be futile, the Court dismisses Plaintiff's claims without leave to amend.

---

[8] Judge Rolefson is named as a defendant, but it is unclear whether he has been served.  Nonetheless, pursuant to 28 U.S.C. § 1915(e)(2), the Court sua sponte dismisses Judge Rolefson from this action on the grounds that state court judges are absolutely immune from claims for damages based on their handling of judicial proceedings.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); accord Pierson v. Ray, 386 U.S. 547, 553-55 (1967); Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000).

- 17 -

**D.     PROPERTY DEFENDANTS' MOTION TO DISMISS**

The crux of Drawsand's allegations against the Property Defendants concerns their alleged failure to abate the nuisance caused by Drawsand's neighbors, efforts to harass her and attempts to evict her from her apartment.  In their motion to dismiss, the Property Defendants contend that Drawsand's claims are barred by the statute of limitations, the doctrine of res judicata and California's anti-SLAPP statute.  The Court agrees and GRANTS the Property Defendants' motion to dismiss.

**1.     Statute of Limitations and Res Judicata**

As discussed above, the longest statute of limitations applicable to any of Drawsand's claims is two years.  Drawsand's nuisance and harassment claims against the Property Defendants span from April 19, 2006 through August 23, 2008.  Compl. ¶ 39-45, 48, 50-52, 54, 56-62, 65-67, 71, 74-77, 79-88.  Since Drawsand did not file her Complaint until September 1, 2010, these claims are time-barred.

Alternatively, Drawsand's claims are barred by the doctrine of res judicata.  A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6).  See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).  Under 28 U.S.C. § 1738, federal courts are required to give full faith and credit to state court judgments.  See San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323, 336 (2005); Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009).  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Allen v. McCurry, 449 U.S. 90, 94 (1980).  To determine the preclusive effect of a state court judgment, federal courts look to state law.  Palomar Mobilehome Park Ass'n, 989 F.2d at 364.

"California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated."  Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993).  Under California law, a claim is barred by res judicata if three requirements are met:  "(1) the second lawsuit must involve the same 'cause of action' as

the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 734 (9th Cir. 2009) (quoting Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd., 110 Cal.App.4th 1161 (2003)). Res judicata serves 'the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979).

In determining whether the prior and present actions involve the same cause of action, the Court applies the primary rights doctrine.  Manufactured Home Cmtys. v. City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005) ("MHC").  This doctrine provides that:

> A "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty.  The most salient characteristic of a primary right is that it is indivisible:  the violation of a single primary right gives rise to but a single cause of action.

Mycogen Corp. v. Monsanto Co., 28 Cal.4th 888, 904 (2002) (internal quotation and alterations omitted).  Thus, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." Id. at 897. "If an action involves the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit, the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983) (internal citations omitted).

Here, the record presented confirms that Drawsand's claims in this action against the Property Defendants arise from the same cause of action previously litigated in her earlier state court actions.  As before, Drawsand again complains that since 2006, her neighbors have been a "nuisance" and have harassed her.  Compl. ¶¶ 44-107.  She further alleges that the owners and/or managers of her apartment complex failed to undertake any corrective

action, and instead, engaged in harassing conduct ultimately leading to their successful efforts to evict her.  Id.  The fact that Plaintiff has now attempted to recast her complaint under the FHA and other federal statutes does not alter the fact that her claims are based on the same primary rights.  MHC, 420 F.3d at 1032 ("Different theories of recovery are not separate primary rights.").

The remaining requirements for application of res judicata are easily satisfied.  The dismissal with prejudice entered in Drawsand II constitutes a final judgment on the merits.  Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).  In addition, MAH is a party both in this action as well as in the earlier state court action.  As for the individual Property Defendants, i.e, Gibbens and Baldibald, the Complaint alleges that both were acting in the course and scope of their employment with MAH.  Compl. ¶¶ 8, 13.  An employer-employee relationship generally satisfies the privity requirement for matters within the scope of employment.  See Spector v. El Ranco, Inc., 263 F.2d 143, 145 (9th Cir. 1959) ("Where . . . the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either . . . rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other.").  Because all of the elements of res judicata are satisfied, the Court finds that Drawsand's claims against the Property Defendants are barred, as a matter of law.

## 2.    Noerr-Pennington and Anti-SLAPP Statute

The remainder of Drawsand's allegations relate to conduct which occurred after August 23, 2008 and arise from the UD proceedings initiated against her by MAH.  Compl. ¶¶ 89-109.  Before turning to the issues pertaining to California's anti-SLAPP statute, the Court notes that claims based on the Property Defendants' conduct leading up and related to the prosecution of the UD action are barred under the Noerr-Pennington doctrine.  See Thomas v. Housing Auth. of Cnty. of Los Angeles, No. No. CV 04-6970 MMM (RCx), 2005 WL 6136440, at *11 (C.D. Cal. June 3, 2005) (finding that under Noerr-Pennington, "plaintiffs may not pursue FHA or Rehabilitation Act claims based on defendants' filing and prosecution of the state court unlawful detainer action).  The immunity afforded under

Noerr-Pennington extends to prelawsuit communications and conduct that is "incidental to the prosecution of the suit," Sosa v. DIRECTV, Inc., 437 F.3d 923, 933, 949 (9th Cir. 2006), and applies both to Drawsand's federal and state law claims, see Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1007 (9th Cir. 2008).

Even if Drawsand's claims were not barred by Noerr-Pennington, her claims, to the extent that they are based on state law, are barred by California's anti-SLAPP statute, Code of Civil Procedure § 425.16.[9]  This section was enacted to provide a procedure for a court "to dismiss at an early stage nonmeritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue." Sipple v. Foundation for Nat'l Progress, 71 Cal. App. 4th 226, 235 (1999).  This type of nonmeritorious litigation is referred to under the acronym "SLAPP," or Strategic Lawsuit Against Public Participation. Id.  The archetypal SLAPP complaint is a "generally meritless suit[ ] brought by large private interests to deter common citizens from exercising their political or legal rights or to punish them for doing so." Wilcox v. Sup. Ct., 27 Cal. App. 4th 809, 816 (1994).  "California enacted section 425.16 to provide a procedural remedy to resolve such a suit expeditiously." Dowling v. Zimmerman, 85 Cal. App. 4th 1400, 1414 (2001) (internal quotation marks and citation omitted).

When a plaintiff brings a SLAPP complaint, the defendant may move to strike the complaint under section 425.16.  Cal. Code Civ. P. § 425.16(f).  "Analysis of an anti-SLAPP motion to strike involves a two-step process." Kearney v. Foley & Lardner, LLP, 566 F.3d 826, 836 (9th Cir. 2009).  First, the defendant must make an initial prima facie showing that plaintiff's suit arises from an act in furtherance of defendant's right of petition or free speech. Braun v. Chronicle Publishing Co., 52 Cal. App. 4th 1036, 1042-43 (1997).  Second, "[i]f the court determines that the defendant has met this burden, it must then

---

[9] It is not entirely clear from the pleadings whether Drawsand is, in fact, predicating any state law claims on the Property Defendants' involvement in the UD proceedings.  To the extent she is, the Property Defendants' anti-SLAPP arguments only pertain to state law claims. Hilton v. Hallmark Cards, 599 F.3d 894, 901 (9th Cir. 2010) ("a federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims.").

1    determine whether the plaintiff has demonstrated a probability of prevailing on the merits."

2    Kearney, 566 F.3d at 836-37; Damon v. Ocean Hills Journalism Club, 85 Cal. App. 4th

3    468, 474 (2000).  If the plaintiff is unable to provide the factual and legal support for the

4    challenged cause of action, the complaint should be stricken.  Code Civ. P. § 425.16(b);

5    Dowling, 85 Cal. App. 4th at 1417.  In reviewing a motion under section 425.16, "the trial

6    court is required to consider the pleadings and the supporting and opposing affidavits

7    stating the facts upon which the liability or defense is based."  Church of Scientology v.

8    Wollersheim, 42 Cal. App. 4th 628, 646 (1996).

9         The threshold question presented is whether the conduct forming the basis of

10   Drawsand's claims constitutes "protected activity" within the meaning of section 425.16.

11   The activities protected under the anti-SLAPP statute are: (1) written or oral statements

12   made before a legislative, executive, or judicial proceeding; (2) written or oral statements

13   made in connection with an issue under consideration or review by a legislative, executive,

14   or judicial body; (3) written or oral statements made in a place open to the public or in a

15   public forum in connection with an issue of public interest; or (4) any other conduct in

16   furtherance of the exercise of the constitutional rights of petition or free speech in

17   connection with a public issue or an issue of public interest.  Cal. Code Civ. P. § 425.16(e).

18   Whether a cause of action arises from protected activity depends upon its principal thrust or

19   gravamen.  In re Episcopal Church Cases, 45 Cal .4th 467, 477 (2009).  "[T]he critical

20   point is whether the plaintiff's cause of action [is] based on an act in furtherance of the

21   defendant's right of petition or free speech."  City of Cotati v. Cashman, 29 Cal. 4th 69, 78

22   (2002).

23        As the Property Defendants have shown, the prosecution of an unlawful detainer

24   action is a protected activity under § 425.16.  See Clark v. Mazgani, 170 Cal. App. 4th

25   1281, 1286 (2009) ("There is no question that the prosecution of an unlawful detainer

26   action is indisputably protected activity within the meaning on section 425.16.").

27   Accordingly, the Property Defendants have made the requisite threshold showing that

28   Drawsand's claims, insofar as they are based on the prosecution of the UD action, arise

1   from protected activity.  In addition, Drawsand has failed to make any showing that her

2   claims are "both legally sufficient and supported by a sufficient prima facie showing of

3   facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."

4   Kearny v. Foley & Lardner, LLP, 590 F.3d 638, 648 (9th Cir. 2009) (quoting Navellier v.

5   Sletten, 29 Cal.4th 82, 88-89 (2002)).  Thus, the Court finds that any state law claims based

6   on the Property Defendants' actions relating to the prosecution of the UD action are

7   independently barred under California's anti-SLAPP statute.

8       **E.    REMAINING DEFENDANTS**

9       Not all of the parties named as Defendants have filed motions to dismiss or

10  otherwise responded to the Complaint.  The docket indicates that each of the summons as to

11  these non-responding Defendants was returned unexecuted.  Dkt. 19, 21, 23-33.

12  Nonetheless, because the Court's reasoning as set forth above is equally applicable to

13  Drawsand's claims against all of the Defendants, the complaint against the remaining

14  Defendants likewise will be dismissed.  See Silverton v. Dept. of Treasury, 644 F.2d 1341,

15  1345 (9th Cir. 1981) (holding district court "may properly on its own motion dismiss an

16  action as to defendants who have not moved to dismiss where such defendants are in a

17  position similar to that of moving defendants or where claims against such defendants are

18  integrally related"); see also Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44

19  F.3d 800, 802 (9th Cir. 1995) (sua sponte dismissal appropriate as to defendants who have

20  not been served).

21  **IV.    CONCLUSION**

22      For the reasons set forth above,

23      IT IS HEREBY ORDERED THAT Defendants' respective motions to dismiss are

24  GRANTED.  All claims alleged in the Complaint are dismissed without leave to amend.

25  The Clerk shall close the file and terminate any pending matter.  The Court hereby certifies

26  that any appeal taken from this order is not in "good faith" within the meaning of 28 U.S.C.

27  § 1915(a)(3).

28

1       IT IS SO ORDERED.

2  Dated: September 30, 2011

3                                SAUNDRA BROWN ARMSTRONG

                                  United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


DRAWSAND et al,

        Plaintiff,

  v.

F.F. PROPERTIES, L.L.P. et al,

        Defendant.
_____/

                            Case Number: CV10-03937 SBA

                               **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.




Pamela  Drawsand
P.O. Box 717
Oakland,  CA 94604


Dated: October 7, 2011

                              Richard W. Wieking, Clerk

                              By: LISA R CLARK, Deputy Clerk